141 F.3d 1183
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence WITHERS, an individual, Plaintiff-Appellant,
v.
HEARST CORPORATION, a Delaware Corporation, d/b/a Seattle
Post-Intelligencer, Defendant-Appellee.
 No. 96-35273.
D.C. No. CV-95-00856-BJR.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1998.
Decided Feb. 26, 1998.
 
 Appeal from the United States District Court for the Western District of Washington Barbara J. Rothstein, District Judge, Presiding.
 Before BROWNING, WRIGHT, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence Withers, a male sports writer, had worked at the Seattle Post-Intelligencer (P-I) since 1987. In 1994, he applied for a sports columnist position. The P-I management hired Laura Vecsey instead, expressing its intent to expand the P-I's readership by capturing nontraditional sports readers. The P-I asserts that Vecsey was better qualified to help accomplish this objective.
 
 
 3
 Withers appeals a summary judgment in favor of the Hearst Corporation, doing business as the Seattle P-I, in his action for violations of Title VII, 42 U.S.C. § 2000e-2, and Wash. Rev.Code § 49.60. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.
 
 ANALYSIS
 
 4
 We review de novo the grant of summary judgment. Cordova v. State Farm Ins., 124 F.3d 1145, 1146 (9th Cir.1997). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 5
 In Title VII disparate treatment cases,
 
 
 6
 [A] plaintiff must first establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory.
 
 
 7
 Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994) (quoting Lowe v. City of Monrovia, 775 F.2d 998, 1005 (9th Cir.1985), as amended, 784 F.2d 1407 (1986)). A prima facie case may be established either by a presumption arising from factors such as those set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), or by direct evidence of discriminatory intent, see Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). A plaintiff proffering sufficient direct or circumstantial evidence of an employer's discriminatory intent "will necessarily have raised a genuine issue of material fact with respect to the legitimacy or bona fides of the employer's articulated reasons for its employment decision." Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1111 (9th Cir.1991) (quoting Lowe, 775 F.2d at 1009).
 
 
 8
 Withers introduced both direct and circumstantial evidence to establish a prima facie case of discrimination and raise a genuine issue of material fact about whether the P-I's articulated reasons for not hiring him were pretextual. See Sischo-Nownejad, 934 F.2d at 1111 (explaining that when direct or circumstantial evidence "consists of more than the McDonnell Douglas presumption, a factual question will almost always exist with respect to any claim of a nondiscriminatory reason").[1]
 
 
 9
 The publisher said that it hired Vecsey because she was better qualified than Withers. Withers raised a factual question about whether this reason was pretextual by presenting the publisher's deposition testimony that her female voice and the "fact that she is female," were factors in the hiring decision and that the P-I was seeking to expand and diversify its readership and workplace, both of which are predominately male. This is direct evidence that raises an inference of discriminatory motive. Cf. Lindahl v. Air France, 930 F.2d 1434, 1439 (9th Cir.1991) (noting that supervisor's remarks indicating sexual stereotyping can create inference of discriminatory motive).
 
 
 10
 Withers also presented circumstantial evidence that cast doubt on the P-I's explanations. It appears that the P-I may have misinformed him about the selection process. During April and May of 1994, he was told that the P-I was uncertain when it would fill the columnist position. An inter-office memorandum dated March 1, 1994, however, shows that Vecsey was clearly being considered for the position. The P-I's managing editor, responsible for personnel, conceded in his deposition testimony that the P-I had decided to hire Vecsey in May and her interview on May 20, 1994, was simply "to confirm that she's the one and sell her ... convince her to come."
 
 
 11
 The day before this "interview" a job description was created for the columnist position. The P-I argues that the purpose of the description was to provide the managing editor with a general idea of the qualifications necessary for the position. Withers suggests that the description was created so that the P-I could later argue that its decision to hire Vecsey was based on her qualifications and not her gender. Enough similarities exist between the description and Vecsey's resume, viewed in light of when the description was created, to warrant closer scrutiny.
 
 
 12
 As we have noted, "[w]hile not overwhelming, [plaintiff's] evidence of discriminatory motive is sufficient to raise a genuine issue of fact.... Whether the facts do indicate discrimination is a question that should ordinarily be resolved by a factfinder ...." Lindahl, 930 F.2d at 1439. The existence of an intent to discriminate, which may be difficult to determine at summary judgment, "may later be revealed in the face-to-face encounter of a full trial." Lam v. University of Hawai'i, 40 F.3d 1551, 1564 (9th Cir.1994). Withers has presented sufficient evidence to create an inference of discriminatory intent by the P-I, thereby raising a genuine issue of material fact. We REVERSE the court's grant of summary judgment, and REMAND.[2]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we find that Withers introduced sufficient direct evidence, we need not decide the question, raised by the P-I, whether a heightened standard for the first prong of the McDonnell Douglas presumption, membership in a protected class, is required when a white male asserts a Title VII claim. See Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) ("[T]he McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination. The shifting burdens of proof set forth in McDonnell Douglas are designed to assure that the 'plaintiff [has] his day in court despite the unavailability of direct evidence." ') (quoting Loeb v. Textron, Inc., 600 F.2d 1003, 1014 (1st Cir.1979)) (citation omitted)
 
 
 [2]
 The plaintiff's burden of proof of pretext and discriminatory motive is the same or lower under Washington law, so if summary judgment was inappropriate under Title VII, it would be inappropriate under state law. See Johnson v. Department of Soc. & Health Servs., 80 Wash.App. 212, 907 P.2d 1223, 1231-33 & nn. 20-21 (Wash.Ct.App.1996)